```
FILED
CLERK, U.S. DISTRICT COURT

MAY -3 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER ROE, an individual; SCOTT SHEPPARD, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, INC., a Florida corporation; TURNER BROADCASTING, INC., a Georgia corporation; AMERICROWN SERVICE CORPORATION, INC., a Pennsylvania corporation; CCI SCREENPRINTING, INC., a Virginia corporation; BABY TRACKS, INC., a Virginia corporation; and DOES 1 through 10, <br><br> Defendants. | Case No. 2:10-CV-04984-RSWL (RCx) <br><br> Assigned to Hon. Ronald S.W. Lew <br><br> [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |

The parties hereby submit this [Proposed] Stipulated Protective Order governing information and documents disclosed in discovery in this action.

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. The parties acknowledge that this

Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10 below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

Accordingly, IT IS HEREBY STIPULATED between the parties that the following procedures shall be adopted for the protection of documents and information that any party deems to be proprietary and confidential and that may be produced during discovery in this case:

1. The parties may be requested to produce during discovery market research, information regarding competitive standing, information regarding internal product specifications or services, information relating to revenues, profits and financials of the parties, information regarding corporate strategy and other information which they in good faith believe contains or constitutes trade secrets or material non-public, competitively sensitive proprietary or confidential information ("Confidential Information"). Confidential Information is information which has not been made public and which concerns or relates to the processes, operations, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained. The parties believe that secrecy pursuant to this Order is in the public interest and that disclosure of Confidential Information would cause

serious harm, and desire that such information be protected from unnecessary dissemination.

2. Specifically, in this matter, the parties may be requested to exchange information regarding their respective market strategies, non-public information concerning their customers, clients and competitors, non-public financial information, and corporate communications regarding internal business decisions, among other trade secrets, which information may be the subject of this lawsuit. Such information is competitively sensitive and would cause damage if it was generally available in the market.

3. This Order applies to documents produced by a party or witness, responses to written discovery, including interrogatories, requests for admission and subpoenas, and deposition testimony and exhibits thereto ("Discovery Materials").

4. A party or third party ("Designating Party") may designate Discovery Materials, including those produced by third-party witnesses, as "Confidential Information" by:

    a. Stamping or inscribing on each page of the pertinent Discovery Materials the words CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY.

    b. Designating portions of a deposition or deposition exhibits either during the deposition or by written notice to the court reporter and all counsel of record within twenty (20) business days after the reporter sends the transcript or written notice that the transcript is available for review. The court reporter shall be instructed to separately bind the Confidential Information portion and to mark the caption page of such portion CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY.

    c. Notifying all counsel in this case in writing of designation of any third-party Discovery Materials as CONFIDENTIAL or

        CONFIDENTIAL ATTORNEYS' EYES ONLY within thirty (30) days from the date the Designating Party has notice that the Discovery Materials have been produced.

5.    Information and materials designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY that a party receives subject to the terms of this Order shall be used only for the purposes of prosecuting or defending this case.

6.    Information and materials designated CONFIDENTIAL may only be disclosed to:

    a.    The parties in this case;

    b.    The Court, Court clerks, deposition and trial reporters, counsel for the parties in the above-captioned Case No. 2:10-CV-04984-RSWL (RCx), and paraprofessional and secretarial employees of any of the above in this subsection;

    c.    Independent consultants or experts retained by any party in this case who are expected to testify at trial or employed by counsel in order to assist in preparation for trial or for deposition and who are not directly employed by any party or under contract with any party for any purpose other than this case, and who are not competitors of any party or employed by a competitor of any party;

    d.    Third-party witnesses during the course of their depositions, provided that (1) counsel for the designating party shall be informed that the witness will be shown Confidential Information before the designated information is shown to the witness, to give counsel for the designating party an opportunity to object, and (2) if an objection to showing the witness is made,

1         the designated information shall not be shown to the witness
2         until the Court rules on the objection.
3 Copies may be made by or for the foregoing persons, provided that all copies are
4 appropriately marked.
5     7.     Information and materials designated CONFIDENTIAL--
6 ATTORNEYS' EYES ONLY may only be disclosed to:
7     a.     The Court, Court clerks, deposition and trial reporters, outside
8         counsel for the parties in the above-captioned Case No. 2:10-CV-
9         04984-RSWL (RCx), and paraprofessional and secretarial
10        employees of any of the above in this subsection;
11    b.     Independent consultants or experts retained by any party in this
12        case who are expected to testify at trial or employed by counsel
13        in order to assist in preparation for trial or for deposition and
14        who are not directly employed by any party or under contract
15        with any party for any purpose other than this case, and who are
16        not competitors of any party or employed by a competitor of any
17        party;
18    c.     Third party witnesses during the course of their depositions,
19        provided that (1) counsel for the designating party shall be
20        informed that the witness will be shown Confidential
21        Information before the designated information is shown to the
22        witness, to give counsel for the designating party an opportunity
23        to object, and (2) if an objection to showing the witness is made,
24        the designated information shall not be shown to the witness
25        until the Court rules on the objection.
26 Copies may be made by or for the foregoing persons, provided that all copies are
27 appropriately marked.
28

8. No person or entity to whom information or materials designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY are disclosed shall discuss the information or disclose it to any person or entity other than those listed above, or for any purpose other than prosecution or defense of this case.

9. Before any information or materials designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY are disclosed to any independent consultants, experts or third party witnesses otherwise as allowed herein, such person or entity shall read this Order and sign the Agreement which is attached hereto as Exhibit "A."

10. Nothing herein affects the producing party's use of information it has designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY.

11. All information and materials supplied by any party or witness which is not designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY pursuant to the terms of this Order may be used by any party without restriction.

12. Any party seeking to file information or materials designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY with the Court shall file such material, in accordance with the requirements of Local Rule 79-5, in a sealed envelope or other container bearing the words CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY to be kept in a safe and secure place and not in files open to public inspection. The envelope or other container shall bear the title of the action and a statement substantially in the following form:

> "This envelope contains documents and/or information which are subject to a Stipulated Protective Order. This envelope is not to be opened except by the Court."

13. No party shall be bound by this Order as to any information or materials:

       a. Which it lawfully possessed in a writing prior to production of it in this action; or

       b. Which is generally known to the public.

If the receiving party believes that it is not bound by this Order respecting information designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY, it shall give notice to the Designating Party at least 45 days before the receiving party uses or discloses such information in a manner that would be prohibited by this Order, to enable the Designating Party to contest the receiving party's unrestricted use through a motion or application to the Court.

    14. This Order is without prejudice to the right of any party to apply to the Court for a determination, for good cause shown, that: (a) purported Confidential Information is not in fact confidential, (b) persons not provided for in this Order may or may not receive Confidential Information, or (c) this Order be modified in any manner or vacated. An application for relief pursuant to this section shall be made only after reasonable efforts to meet and confer in good faith have been unsuccessful.

    15. This Order shall remain in effect after the conclusion of this case and the Court shall retain jurisdiction to enforce its terms and to prevent or punish violations of it.

    16. Within 30 days after final termination of this case either by consensual dismissal with prejudice, after final appellate review has been obtained, or after the time for appeal has lapsed without the filing of an appeal by either of the parties, all materials and copies containing information designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY shall be returned to the party producing such information, together with any and all summaries, abstracts, notations and compilations containing any Confidential Information. In the alternative, within thirty (30) days after final termination of this case, such materials and copies may be shredded or disposed of in a manner to assure the destruction

1 | thereof and declaration certifying such destruction or disposal shall be provided to
2 | the party producing such information; provided, however, that there shall be no
3 | obligation to return or destroy materials that are contained in e-mails, back-up tapes,
4 | and/or other electronic formats even if those materials have been specifically
5 | designated as Confidential Information hereunder. Notwithstanding the above, one
6 | copy of the files in this case may be retained by counsel of record for each party,
7 | subject to the terms of this Order.

8 |     17.    In any action or proceeding arising from or relating to this Stipulated Protective Order, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs, without limiting any other relief that may be available.

Dated: 4/2s/11

NOVIAN & NOVIAN LLP
FARHAD NOVIAN
JOSEPH LOPEZ

By: _____
Farhad Novian
Attorneys for Plaintiffs
PETER ROE and SCOTT SHEPPARD

Dated: 4/20/2011

LOEB & LOEB LLP
CHRISTIAN CARBONE
MELANIE HOWARD

By: _____
Melanie Howard
Attorneys for Defendants
NATIONAL ASSOCIATION FOR
STOCK CAR AUTO RACING, INC.,
TURNER BROADCASTING SYSTEM,
INC. and AMERICROWN SERVICE
CORPORATION

Dated: _____

MANNING & KASS
ANTHONY J. ELLROD

By: _____
Anthony J. Ellrod
Attorneys for Defendants
CCI SCREENPRINGING, INC. and
BABY TRACKS, INC.

thereof and declaration certifying such destruction or disposal shall be provided to the party producing such information; provided, however, that there shall be no obligation to return or destroy materials that are contained in e-mails, back-up tapes, and/or other electronic formats even if those materials have been specifically designated as Confidential Information hereunder. Notwithstanding the above, one copy of the files in this case may be retained by counsel of record for each party, subject to the terms of this Order.

17. In any action or proceeding arising from or relating to this Stipulated Protective Order, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs, without limiting any other relief that may be available.

Dated:_____

NOVIAN & NOVIAN LLP
FARHAD NOVIAN
JOSEPH LOPEZ

By:_____
   Farhad Novian
   Attorneys for Plaintiffs
   PETER ROE and SCOTT SHEPPARD

Dated:_____

LOEB & LOEB LLP
CHRISTIAN CARBONE
MELANIE HOWARD

By:_____
   Melanie Howard
   Attorneys for Defendants
   NATIONAL ASSOCIATION FOR
   STOCK CAR AUTO RACING, INC.,
   TURNER BROADCASTING SYSTEM,
   INC. and AMERICROWN SERVICE
   CORPORATION

Dated: 4/19/11

MANNING & KASS
ANTHONY J. ELLROD

By:_____
   Anthony J. Ellrod
   Attorneys for Defendants
   CCI SCREENPRINGING, INC. and
   BABY TRACKS, INC.


Case 2:10-cv-04984-RSWL-E   Document 64   Page 10 of 11   Page ID #:296

## ORDER

IT IS SO ORDERED.

Dated: 5/3/11

*[signature]*

~~Hon. Rosalyn M. Chapman~~ Charles F. Eick
~~Magistrate, United States District Court~~
United States Magistrate Judge


9

[~~PROPOSED~~] STIPULATED PROTECTIVE
ORDER (2:10-CV-04984-RSWL (RCx))

# EXHIBIT "A"

1. My name is _____. I live at _____ _____.

2. I have read the Stipulated Protective Order entered by the Court in the matter of <u>Roe, et. al v. National Association For Stock Car Racing, Inc., et. al</u> United States District Court Case No. 2:10-CV-04984-RSWL (RCx)(the "Order").

3. I understand the responsibilities and obligations the Order imposes on persons viewing the material encompassed by the Order.

4. Pursuant to the Order, I hereby agree to be bound by all the provisions thereof, so as to enable me to view the material encompassed by the Order.

Dated:_____

By:_____
   [Name]